UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CASE NO. 05-10019-RGS |
| DANIEL W. McELROY,<br>AIMEE J. KING McELROY, and<br>XIEU VAN SON | ) ) ) ) ) ) | |

**MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANTS, DANIEL W. MCELROY AND
AIMEE J. KING MCELROY, TO DISMISS COUNT ONE OF INDICTMENT
<u>FOR ALLEGING MULTIPLE CONSPIRACIES</u>**

In Count One of the Indictment, the government charges Daniel W. McElroy ("Mr. McElroy"), Aimee J. King McElroy ("Ms. King"), and Xieu Van Son ("Mr. Van Son") with multiple conspiracies to commit separate and distinct offenses under 18 U.S.C. §371. Specifically, Count One alleges that Mr. McElroy, Ms. King and the other co-defendant conspired to (1) to defraud the United States by impeding, impairing, obstructing and defeating the functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of the revenue; to wit, employment and income taxes; *and* (2) commit offenses against the United States by devising a scheme to reduce the premiums for workers compensation insurance for their temporary employment agency business through the use of interstate mail in violation of 18 U.S.C. §1341 (Mail Fraud) (emphasis added).

Section 371 establishes two alternative means of committing a violation of the statute: conspiracy either to (1) commit any offense against the United States, or to (2) defraud the

United States or agency thereof. Under Count One, the government impermissibly charges Mr. McElroy with violating <u>both</u> the "defraud" and "commit offenses" prongs of the conspiracy statute based on completely separate and distinct underlying conduct. The Indictment alleges that the objective of the "defraud" prong under Count One was to avoid payment of employment and income taxes to the Internal Revenue Service. The "commit offenses" prong charged under Count One refers to a separate alleged scheme to reduce the premiums for workers compensation insurance to be paid to private insurance companies through the illegal use of interstate mail in violation of the mail fraud statute. By charging Mr. McElroy and Ms. King with multiple separate and distinct conspiracies involving unrelated conduct in a single count, the government has blatantly violated the well-established rule prohibiting duplicitous charging of offenses.

Accordingly, Mr. McElroy and Ms. King hereby moves to dismiss Count One of the Indictment.

## BACKGROUND

Count One of the Indictment charges Mr. McElroy, Ms. King, and Mr. Van Son with conspiracy pursuant to 18 U.S.C. §371. <u>See</u> Indictment at 8. Section 371 provides:

> If two or more persons conspire *either* to commit any offense against the United Sates, *or* to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined… or imprisoned…or both.

(emphasis added). The statute creates two distinct criminal offenses: (1) conspiracy to commit offenses against the United States and (2) conspiracy to defraud the United States, or one of its agencies. <u>United States v. Haga</u>, 821 F.2d 1036, 1039 (5th Cir. 1987); <u>United States v. Brandon</u>, 17 F.3d 409, 421 (1st Cir. 1994); <u>United States v. Hurley</u>, 957 F.2d 1, 3 (1st Cir. 1992); United

States v. Bilzerian, 926 F.2d 1285, 1301 (2nd Cir. 1991). Cases construing §371 have held that the statute is written in the disjunctive and should be interpreted as establishing two alternative means of committing a violation. Haga, 821 F.2d at 1039; United States v. Harmas, 974 F.2d 1262, 1266 (11th Cir. 1992). Consequently, the government may charge a conspiracy either to "commit any offense" or "to defraud the United States", but it cannot charge both for separate underlying offense conduct. Haga, 821 F.2d at 1043 (holding that "Rule 8(a), Fed. R. Crim. P., requires that separate offenses be charged in a separate count for each offense. Thus Count I, taken as a whole, could have charged either form of conspiracy described by section 371, but not both.").

In Count One of the Indictment, Mr. McElroy, Ms. King and the other defendant are charged with both conspiracy to defraud the United States by defeating the functions of the Internal Revenue Service in its collection of employment and income taxes and conspiracy to commit offenses against the United States by devising a scheme to defraud private insurance companies and obtain money by false pretenses from the companies through the illegal use of the U.S. Postal Service. See Indictment at 8 (¶31). It is clear based on a logical reading of the Indictment that the "commit offenses" conspiracy alleged under Count One involves an alleged scheme to reduce workers compensation insurance premiums because it incorporates a violation of the mail fraud statute. Id. Counts Two through Four, which charge Mr. McElroy and Ms. King with violations of the substantive offense of mail fraud pursuant to §1341, exclusively relate to mailings that involved insurance documents. Id. at 23 (¶85). In addition, the specific language pled in Counts Two through Four alleging mail fraud as part of the scheme to reduce workers compensation insurance premiums, mirror the language in the "commit offenses" prong of Count One. Count One also specifically alleges that as part of the conspiracy to defraud

workers compensation insurers, Mr. McElroy and Ms. King sent and received items for delivery by the Postal Service and that it was the practice of the insurers who provided workers compensation insurance coverage to entities operated by Mr. McElroy and Ms. King to send various items relating to insurance policies by the Postal Service. Id. at 7 (¶29), 8 (¶31). Conversely, the Indictment does not allege that the Postal Service or any mailings were involved in the counts relating to the tax violations.

## ARGUMENT

Count One should be dismissed as duplicitous because it charges two separate and distinct conspiracies in a single count. An indictment is duplicitous if it joins two or more distinct crimes in a single count. United States v. Murray, 618 F.2d 892, 896 (2d Cir. 1980); Consequently, to avoid the problem of duplicity, "[a]n indictment may not charge multiple conspiracies in a single count." United States v. Cryan, 490 F. Supp. 1234, 1239 (D.N.J. 1980); United States v. Rigas, 281 F. Supp. 2d 660, 664 (S.D.N.Y. 2003). The policy considerations underlying the prohibition against duplicitous indictments are well-established and include:

> [A]voiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

United States v. Margiotta, 646 F.2d 729, 733 (2d Cir. 1981). In addition, including multiple conspiracies in a single count also permits evidentiary "spill-over," whereby evidence that is otherwise inadmissible as to one conspiracy is admitted into evidence on the ground that it is

admissible as to another. United States v. Boffa, 513 F. Supp. 444, 472 (D. Del. 1980).

Mr. McElroy submits that Count One is defective as a matter of law because it encompasses two distinct conspiracies to commit completely separate offenses that do not constitute a single continuing scheme. While the defense recognizes that the government may simultaneously prosecute the same conduct under both the "defraud" and "commit offenses" clauses of §371, it is prohibited from charging conspiracies to commit two distinct and unrelated offenses involving separate conduct in one count. See Haga, 821 F.2d at 1039; see also Bilzerian, 926 F.2d at 1301-02 (2nd Cir. 1991) (holding that it is recognized that the government may not obtain two convictions or punish the defendant twice for the same conduct by alleging violations of both the defraud and offense clauses of the conspiracy statute...it may simultaneously prosecute the same conduct under both clauses.") (emphasis added). The defense contends that this is not an instance where acts that could be charged as separate counts of an indictment are being charged in a single count because those acts are part of a single continuing scheme involving the same conduct. See United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989); United States v. Aracri, 968 F.2d 1512, 1519 (2d Cir. 1992). Rather, the government has grouped under a single count, multiple conspiracies involving totally different conduct and multiple unconnected schemes.

In distinguishing between single and multiple conspiracies, the First Circuit has considered a variety of factors to include the similarity of the frauds involved; the coconspirators' objectives; the means used to achieve those ends; the similarities and differences in the evidence used to prove the two conspiracies; and the identities of the persons involved. United States v. Morrow, 39 F.3d 1228, 1233-34 (1st Cir. 1994); United States v. David, 940 F.2d 722, 734 (1st Cir. 1991). Based on these factors, it is clear that Count One encompasses

multiple conspiracies involving completely unrelated conduct that is not part of a single continuing scheme.

A charge that both alleges a conspiracy to avoid payment of income and employment taxes to the Internal Revenue Service and to fraudulently reduce the premiums to be paid to private insurance companies for workers compensation insurance constitutes completely different offense conduct. Here, the "defraud clause" under Count One relates solely to the defendants' conduct in an alleged scheme to avoid payment of taxes. The "commit offenses" prong under Count One involves a separately alleged scheme to obtain money and property by false and fraudulent means through the use of interstate mail. Unlike the underlying offense encompassed by the "defraud" clause in Count One, the "commit offenses" clause does not involve any alleged tax related offenses, but instead relates to an alleged scheme to fraudulently reduce workers compensation insurance premiums, a completely separate and distinct objective involving unrelated overt acts. In addition, the clearest proof that Count One charges multiple conspiracies is that under the "defraud" prong the victim is the IRS and under the "commit offenses" prong the victims are private insurance companies.

The obvious differences between the offenses involved in the "defraud" and "commit offenses" prongs of the conspiracies charged under Count One are further demonstrated by the unrelated means and manner in which the two conspiracies were allegedly accomplished. Specifically, the government alleges that the scheme to reduce workers compensation insurance premiums involved the illegal use of the U.S. Postal Service in violation of the mail fraud statute. The conspiracy charge relating to payment of income and employment taxes as well as the substantive tax charges in Counts Five through Nineteen do not refer to any violations of the mail fraud statute or the use of the Postal Service.

The Indictment also implicates Mr. Van Son in only the tax related conduct. Count One does not allege that Mr. Van Son committed any overt act in connection with the scheme to fraudulently reduce workers compensation insurance premiums, the objective of the "commit offenses" prong under Count One. This provides additional proof that the multiple conspiracies in Count One are not part of a single intertwined scheme involving common participants.

There is only one reasonable reading of Count One. Count One alleges separate agreements to commit completely separate offenses ((1) to avoid payment of income and employment taxes and (2) to reduce the premiums for workers compensation insurance) that do not involve a single continuing scheme or similar underlying conduct. Accordingly, Count One alleges multiple conspiracies and must be dismissed.

## CONCLUSION

For the reasons set forth above, Mr. McElroy and Ms. King respectfully request that Count One be dismissed.

Respectfully Submitted,

DANIEL W. McELROY
By his Attorneys,

_____
Stephen R. Delinsky (BBO #119120)
Andrew R. McConville (BBO #632804)
ECKERT, SEAMANS, CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, Massachusetts 02110
Telephone No.: (617) 342-6800
Facsimile No.  (617) 342-6899

                                AIMEE J. KING McELROY
                                By her Attorney:

                                /s/ Jack I. Zalkind
                                _____
                                Jack I. Zalkind
                                BBO No. 538840
                                One International Place, 18th Flr.
                                Boston, MA 02110
                                Telephone: (617) 227-3950
                                Facsimile: (617) 342-6899

June 30, 2005