UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>DANIEL W. McELROY,      )<br>AIMEE J. KING McELROY, and )<br>XIEU VAN SON           )<br>) | CASE NO. 05-10019-RGS |

**MEMORANDUM IN SUPPORT OF MOTION OF
THE DEFENDANTS, DANIEL W. MCELROY AND AIMEE J. KING MCELROY,
TO SEVER MISJOINED OFFENSES**

Since Count One of the Indictment alleges multiple conspiracies and should, therefore, be dismissed, the status of the remaining counts that are not linked by the conspiracy count must now be addressed. As set forth fully below, Counts Two through Four must be severed from Counts Five through Nineteen pursuant to Rules 8(b) and 14 of the Federal Rules of Criminal Procedure because they are not based on the same acts or transactions and their joinder will result in unfair prejudice to defendants, Daniel McElroy ("Mr. McElroy") and Aimee J. King McElroy ("Ms. King"). Setting aside the multiple conspiracies alleged in Count One, there is no connection between Counts Two through Four and Counts Five through Nineteen that would support joinder.

While Counts Five through Eighteen allege that Mr. McElroy and Ms. King, committed tax related offenses, Counts Two through Four allege that Mr. McElroy and Ms. King committed mail fraud as part of an entirely separate and distinct scheme to fraudulently reduce premiums

for workers compensation insurance paid to private insurance companies. Count Nineteen, on its own, is even more unrelated to Counts Two through Four, as it does not name Mr. McElroy or Ms. King as defendants, nor does it relate to mail fraud or a scheme to reduce premiums for workers compensation insurance. Instead, it names only a third defendant, Xieu Van Son ("Mr. Van Son"), and it alleges that Mr. Van Son willfully failed to maintain tax records and supply certain tax information to the Internal Revenue Service.

Joinder of Counts Two through Four with separate and unrelated tax offenses is impermissible pursuant to Rule 8(b), contrary to controlling case law, and will result in unfair prejudice to Mr. McElroy and Ms. King under Rule 14. Accordingly, severance of Counts Two through Four from Counts Five through Nineteen is warranted.

## BACKGROUND

The Indictment charges Mr. McElroy and Ms. King with conspiracy, mail fraud, and various tax related offenses. Mr. Van Son is not named in any of the counts alleging mail fraud (Counts Two through Four) but he is named in Count One (conspiracy) and Count Nineteen (willful failure to keep tax records and supply tax information).

Counts Two through Four charge Mr. McElroy and Ms. King with causing insurance documents that reflected premium calculations based upon false representations to be sent and delivered through the mail as part of a scheme to fraudulently reduce the premiums for workers compensation insurance paid to private insurance companies. See Indictment at 23. Three separate mailings from March 3, 2000 to February 13, 2001 comprise the mail fraud violations charged in Counts Two through Four. Id.

{K0304209.1}                                    2

Counts Five through Nineteen are based on allegations that have no connection to the alleged scheme to fraudulently reduce workers compensation insurance premiums paid to private insurance companies or violations of the mail fraud statute. Rather, they are based solely on tax related offenses. Id. at 24-28. Specifically, Counts Five through Eighteen charge Mr. McElroy and Ms. King with procuring false tax returns for Daily A. King Labor, Inc. and Pro Temp. Co. Not only does Count Nineteen not involve allegations relating to a scheme to reduce workers compensation insurance premiums or violations of the mail fraud statute, it also does not name Mr. McElroy or Ms. King as defendants. Notably, Counts Five through Nineteen do not incorporate by reference paragraphs 60 through 67 of the indictment which specifically relate to the steps taken as part of the alleged conspiracy to defraud private insurance companies.

## ARGUMENT

I.  **COUNTS TWO THROUGH FOUR AND COUNTS FIVE THROUGH NINETEEN ARE IMPROPERLY JOINED UNDER RULE 8(b)**

Rule 8 of the Federal Rules of Criminal Procedure governs the joinder of separate offenses in a single indictment. In a single defendant case, Rule 8 permits offenses to be joined if they are of a "similar character." Fed. R. Crim. P. 8(a). In cases with multiple defendants, however, the rule sets forth a more restrictive standard. In such cases, Rule 8 permits joinder of offenses only when the offenses are based on "the same act or transaction" or "the same series of acts or transactions." Fed. R. Crim. P. 8(b). Because this Indictment involves joinder of multiple defendants and offenses, this restrictive standard governs. See United States v. Buchanan, 930 F. Supp. 657, 661 n.12 (D. Mass. 1996) ("Rule 8(b) of the Federal Rules of Criminal Procedure governs joinder of multiple defendants and offenses"); see also United

States v. Irizarry, 341 F.3d 273, 287 (3rd Cir. 2003) (holding that "Rule 8(a) dealing with the joinder of offenses, applies only to prosecutions involving a single defendant" whereas "in a multi-defendant case such as this, the test for joinder of counts and defendants is merged in Rule 8(b)"); see also United States v. Turoff, 853 F.2d 1037, 1043 (2d Cir. 1988) (finding "multiple defendants may be charged with multiple offenses only if the offenses are related pursuant to the test set forth in Rule 8(b)"). Consequently, separate offenses may be joined in this matter only to the extent that they are based on the same act or transaction or the same series of acts or transactions.

Counts Two through Four do not meet the restrictive test set forth in Rule 8(b). Counts Two through Four are based on entirely different acts or transactions from those that underlie Counts Five through Nineteen. Counts Two through Four allege that Mr. McElroy and Ms. King caused insurance documents which reflected premium calculations based upon false representations to be sent and delivered through the mail as part of a scheme to fraudulently reduce the premiums for workers compensation insurance paid to private insurance companies. Counts Five through Nineteen have absolutely no connection with a scheme to defraud private insurance companies or with violations of the mail fraud statute. Counts Five through Eighteen allege the procurement, preparation and presentation of Federal employment tax returns on behalf of temporary employment agencies, Daily A. King. Labor, Inc. and Pro Temp., Co., by under-reporting total wages, tips, and other compensation on Federal Quarterly tax returns.

In addition, Counts Two through Four and Counts Five through Nineteen, involve entirely different victims. Under Counts Two through Four, the victims of the alleged mail fraud are private insurance companies. Conversely, the victim of the tax related offenses alleged in Counts Five through Nineteen is the Internal Revenue Service. See Buchanan, 930 F. Supp. at

664 (in finding misjoinder of offenses, the court determined that "[t]he two sets of charges lie under different statutes; the two offense groups involve entirely different victims... and they concern different modus operandi").

Count Nineteen, standing on its own, is even more unrelated to Counts Two through Four, as it does not involve any allegations against Mr. McElroy or Ms. King. Count Nineteen charges Mr. Van Son alone with willfully failing to maintain and supply tax information to the Internal Revenue Service. This provides additional proof that the offenses charged in Counts Two through Four are not based on "the same act or transaction" or "the same series of acts or transactions" as those alleged in the tax related counts. Fed. R. Crim. P. 8(b).

## II.    SEVERANCE IS APPROPRIATE UNDER RULE 14

Mr. McElroy and Ms. King submit that if the Court determines that the offenses are properly joined under Rule 8, Counts Two through Four should nevertheless be severed pursuant to Rule 14 because impermissible prejudice will result from such a joinder. Rule 14 specifically grants courts the discretion to sever offenses when their joinder in a single indictment "appears to prejudice a defendant" even if such offenses are properly joined under Rule 8. Fed. R. Crim. P. 14(a). In deciding on a motion for severance, the district court "has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." United States v. Buchanan, 930 F. Supp. at 667; United States v. Perkins, 926 F.2d 1271, 1280 (1st Cir. 1991).

In this case, the admission of evidence involving alleged tax related offenses will confuse the jury, invite the otherwise impermissible introduction of propensity evidence, and prevent the jury from forming an independent determination of the separate and distinct mail fraud

allegations charged in Counts Two through Four. See United States v. Buchanan, 930 F. Supp. at 668 (finding that severance is appropriate where "substantial prejudice would result from admission into evidence of other alleged bad acts, precisely the sort of prejudice warned against by Rule 404(b)"). Accordingly, severance is appropriate pursuant to Rule 14.

## CONCLUSION

For the reasons set forth above, Mr. McElroy and Ms. King request that the Court sever Counts Two through Four of the Indictment.

Respectfully Submitted,

DANIEL W. McELROY
By his Attorneys,

*/s/ Stephen R. Delinsky*

Stephen R. Delinsky (BBO #119120)
Andrew R. McConville (BBO #632804)
ECKERT, SEAMANS, CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, Massachusetts 02110
Telephone No.: (617) 342-6800
Facsimile No.  (617) 342-6899

AIMEE J. KING McELROY
By her Attorney:

*/s/ Jack I. Zalkind*

Jack I. Zalkind
BBO No. 538840
One International Place, 18th Flr.
Boston, MA 02110
Telephone: (617) 227-3950
Facsimile: (617) 342-6899

June 30, 2005

{K0304209.1}                                      7