# ECKERT SEAMANS

Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110

TEL 617 342 6800
FAX 617 342 6899
www.eckertseamans.com

Stephen R. Delinsky
sdelinsky@eckertseamans.com
(617) 342-6825

July 12, 2005

**HAND DELIVERED**

Paul G. Levenson, Assistant United States Attorney
United States Attorneys' Office
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210

**RE:**  **U.S. v. Daniel W. McElroy Et Al.**
        **Crim No. 04-10019-RGS**

Dear Mr. Levenson:

We are writing pursuant to Local Rule 116.3 and the Scheduling Order entered by Magistrate Judge Collings on April 6, 2005, to request that you provide the following information and documents. In accordance with Local Rule 116.3(H), we are setting forth issues of concern to all Defendants.

    1.    Provide all written or recorded oral statements made in response to interrogation by individual co-conspirators whom the government does not intend to call as witnesses at trial in this matter. See United States v. Medeov, 652 F. Supp. 371, 375 (D.D.C. 1987) (statements of co-conspirators whom the government does not intend to call as witness at trial are discoverable in advance under Fed. R.Crim.P. 16); United States v. Williams, 113 F.R.D. 177, 180-81 (D. Fla. 1986) (statements under Rule 16(a)(1)(A) should be interpreted to include statements made by co-conspirator that may be imputed to defendant if government does not intend to offer co-conspirator as witness at trial). We request that the government identify and provide any such statements.

    2.    While we appreciate that Local Rule 116.2(B)(2) provides for the production of certain categories of exculpatory information not later than twenty-one days before the trial date established by the Judge who will preside, under the principals articulated in United States v. Snell, 899 F.Supp. 17, 19-21 (D. Mass. 1995), we nonetheless specifically request disclosure of such information by no later than one hundred twenty (120) days before trial.

    3.    To the extent you intend to introduce any evidence of prior or subsequent "bad acts" of any of the defendants or any unindicted co-conspirator pursuant to Fed. R.Evid. 404(b), please provide a description of the conduct or incident which gives rise to each such "bad act," the names, addresses and dates of birth of witnesses to such "bad acts", the substance of their expected testimony, related documents and designation of the theory of admissibility.

ECKERT
SEAMANS

Paul G. Levenson,
Assistant United States Attorney
July 12, 2005
Page 2

While we recognize that Rule 404(b) evidence will generally be ordered by the court to be provided no later than twenty-one (21) days before trial, the circumstances of this case compel early production of such material. The government's production of hundreds of thousands of documents, without any guidance as to what the government considers relevant and material and in no discernable order, has unfairly curtailed our ability to review the government's production for Rule 404(b) evidence as is our usual practice during document review. Additionally, any Rule 404(b) evidence which does not apply to all defendants would likely raise serious severance issues and require ample time for potentially affected defendants to brief the issue. Consequently, we request that the government identify no later than one hundred twenty days (120) before trial any Rule 404(b) evidence which is may seek to offer into evidence at trial.

    4.    Identify, pursuant to Rule 12(b)(4)(B) of the F. Rules Crim. P., what documents and things, if any, the government plans to introduce from the execution of the search warrant in this case.

    5.    Identify the documents and materials the government has disclosed under Rule 16(a)(1)(C) that the government intends to introduce at trial.

    6.    Provide any oral promises, rewards or inducements offered to any government witness in connection with this case.

    7.    Provide documentation whether any government witness has received any money from any financial instrument (including but not limited to use of a credit card) or goods from the government or from any government agent, whether or not acting with government approval, in any way relating to their participation in this investigation.

    8.    Provide whether any government agent informed or promised any government witness that he/she would receive any portion of an Internal Revenue Service reward as a result of the prosecution of any tax count contained in the pending indictment.

    9.    Provide any applications for rewards that any government witness has submitted to the government in this case and provide all statements of any government agent or official relating to such application.

    10.    Provide all FBI 302 Reports, Internal Revenue Service ("IRS") investigatory and/or interview reports, and Insurance Fraud Bureau ("IFB") reports and interviews relating to this indictment and the grand jury transcripts from the investigation resulting in the indictment.

    11.    A written statement of the procedure utilized to insure that no privileged information was disclosed to the government in connection with the government's review of

BOSTON, MA    PITTSBURGH, PA    HARRISBURG, PA    PHILADELPHIA, PA    WASHINGTON, DC    WILMINGTON, DE
MORGANTOWN, WV    SOUTHPOINTE, PA    ALCOA CENTER, PA

{K0288973.1}

**ECKERT**
**SEAMANS**

Paul G. Levenson,
Assistant United States Attorney
July 12, 2005
Page 3

attorney/client privileged documents seized by the government pursuant to the search warrant; and all information reflecting the government's compliance with the procedures set forth in United States v. Zolan, 491 U.S. 554 (1989).

    12.    Provide the Search Warrant Affidavit executed by the Affiant and the Magistrate and the executed Search Warrant Application.

    13.    Provide all federal investigatory law enforcement reports resulting in the indictment and conviction of Charles Wallace in the Federal District Court of Massachusetts in 1988.

    14.    Provide the Insurance Information Pages referenced in Counts 2, 3 and 4 of the Indictment.

    15.    Regarding the lawsuit brought by the U.S. Department of Labor against Aimee King and others referenced in paragraph 41 of the Indictment provide all of the court papers, including, but not limited to all discovery materials and the Judgment.

    16.    Provide copies of all the checks referenced in paragraph 69 of the Indictment.

    17.    Provide copies of all the checks referenced in paragraph 70 of the Indictment.

    18.    Provide copies of all the checks referenced in paragraph 71 of the Indictment.

    19.    Provide copies of all the checks referenced in paragraph 72 of the Indictment.

    20.    Provide copies of all the checks referenced in paragraph 73 of the Indictment.

    21.    Provide copies of all the checks referenced in paragraph 74 of the Indictment.

    22.    Provide copies of all the checks referenced in paragraph 75 of the Indictment.

    23.    Provide copies of the IRS 941 tax forms referenced in paragraph 76 of the Indictment.

    24.    Provide copies of the IRS 941 tax forms referenced in paragraph 77 of the Indictment.

    25.    Provide copies of the false payroll data allegedly provided to Liberty Mutual Insurance Group referenced in paragraph 78 of the Indictment.

BOSTON, MA    PITTSBURGH, PA    HARRISBURG, PA    PHILADELPHIA, PA    WASHINGTON, DC    WILMINGTON, DE
MORGANTOWN, WV    SOUTHPOINTE, PA    ALCOA CENTER, PA

{K0288973.1}

**ECKERT SEAMANS**

Paul G. Levenson,
Assistant United States Attorney
July 12, 2005
Page 4

    26.    Provide copies of the alleged false payroll data provided to Reliance National Indemnity Company referenced in paragraph 79 of the Indictment.

    27.    Provide copies of the alleged false IRS 941 tax forms and other records provided to Reliance National Indemnity Company referenced in paragraph 80 of the Indictment.

    28.    Provide copies of the alleged false payroll tax withholding records and other records of ProTemp Company that were provided to American Home Assurance Company as referenced in paragraph 81 of the Indictment.

    29.    Provide copies of the alleged false payroll records provided to A.I.M. as referenced in paragraph 82 of the Indictment.

    30.    Provide copies of the alleged false payroll records provided to A.I.M. as referenced in paragraph 83 of the Indictment.

    31.    Provide copies of the Federal employment tax returns Form 941 referenced in Counts 5, 6, 7, 8, 9, 10, 11, and 12 of the Indictment.

    32.    Provide copies of the Federal employment tax return Form 941 referenced in Counts 13, 14, 15, 16, 17, and 18 of the Indictment.

    33.    Provide pursuant to Rule 6 of the Federal Rules of Criminal Procedure all applications, affidavits and briefs filed by the United States Attorney's Office with the United States District Court for the District of Massachusetts concerning this case and all Court Orders relating thereto, regarding the access of Insurance Fraud Bureau ("IFB") personnel to grand jury material. Also, describe the nature and circumstances of each and every IFB personnel involvement with grand jury materials.

    34.    During the pre-indictment period of the case, you made available for inspection IRS and FBI interview reports of Charles Wallace. Subsequently, pursuant to mandatory discovery you provided copies of those reports except the IRS interview report of September 27, 2002. We request that you provide that report.

    35.    In your discovery letter, you provided certain computerized printouts of the criminal records of the government case in chief witnesses, including Brian Farrar, William Cataldo and Neil Abelson. However, you provided no FBI, IRS and/or IFB interview reports or grand jury testimony of any of these witnesses. We request that you provide those reports and/or testimonial transcripts.

BOSTON, MA   PITTSBURGH, PA   HARRISBURG, PA   PHILADELPHIA, PA   WASHINGTON, DC   WILMINGTON, DE
MORGANTOWN, WV   SOUTHPOINTE, PA   ALCOA CENTER, PA

{K0288973.1}

**ECKERT
SEAMANS**

Paul G. Levenson,
Assistant United States Attorney
July 12, 2005
Page 5

36. Provide copies of all delinquent personal federal tax returns that were filed by Charles Wallace and/or Dich Trieu after they became government cooperating witnesses.

37. In the FBI 302 Report of interview of Dich Trieu dated June 25, 2003, you sought clarification with respect to Mr. Trieu's previous responses regarding whether workers were receiving W-2's and/or reporting their incomes to the tax authorities. Provide the previous FBI, IRS and/or IFB interview reports of Mr. Trieu that caused you to make the above-referenced statement to Mr. Trieu.

38. In an IRS interview report of John Mahan dated March 18, 2002, he stated that the Massachusetts Department of Employment and Training ("DET") began investigating his company, Commonwealth Temps, one year after they started. He further said that the company lawyers were currently in negotiations to settle the case. Provide all DET, FBI, IRS and/or IFB reports and interviews concerning this investigation, including all administrative filings and settlement papers.

39. In the Letter Agreement dated February 15, 2000 between the United States Attorney's Office and Michael Powers, you stated, "Your client understands that he may, under some circumstances, have a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged." We have not been provided with any documents and/or records regarding the charged criminal conduct of Mr. Powers. We request that you provide all the documents and records regarding the charged criminal conduct of Mr. Powers referenced in your letter.

40. Provide all investigatory reports regarding BJ Temporary Services, Commonwealth Temps, Best Labor, Laborsource and Labornow.

41. Provide all investigative reports concerning any investigations regarding the following unindicted co-conspirators: Atlantic Sea Pride, American/Atlantic Gem, Blount, Brady Enterprise, Cains, Eastern Fisheries, Fish On Wheels, Fresh Start, Fruit Factory, Kellaway, L&N Packaging, Modern Fish, New England Art, North Coast, Northern Wind, Nutcracker, On A Roll, Pearlco, QLS, Sea Fresh, Stavis, Thermal Circuits, and Viking Seafood.

42. We request that you provide the agents' notes of interviews as part of your early production of Jencks material.

BOSTON, MA   PITTSBURGH, PA   HARRISBURG, PA   PHILADELPHIA, PA   WASHINGTON, DC   WILMINGTON, DE
MORGANTOWN, WV   SOUTHPOINTE, PA   ALCOA CENTER, PA

{K0288973.1}

**ECKERT SEAMANS**

Paul G. Levenson,
Assistant United States Attorney
July 12, 2005
Page 6

    43.    We are not at this time in the possession, custody or control of any information that Fed. R. Crim. P. 16(b)(1)(A)(B) requires to be disclosed. However, we recognize our continuing duty to provide such information and assure you that we will forward such responsive information, if and when we discover it. With respect to your request for alibi notification, we will provide written responses when you comply with the requirements of the Rule.

    44.    You have permitted us to inspect evidence in the government's possession, custody or control. We reserve our right to request further information based upon our reviews. Moreover, we expressly reserve the right to receive any documents we mark for copying, and we note that, as this matter goes forward, it may be necessary to re-review documents that we did not know we needed when we originally reviewed them. We understand that your offer to make these documents available for our inspection and review is open-ended, and we will continue to have access to these documents, at mutually convenient times, in the future. Please inform us if this is not the case.

    After we complete our examination of both the documents that you have made available for inspection and the anticipated answers and documents that have been requested herein, additional discovery requests may be required.

Very truly yours,

Daniel W. McElroy,

By: _____
    Stephen R. Delinsky, Esquire

Xieu Van Son

By: _____
    Mark D. Smith, Esquire

Aimee King McElroy,

By: _____
    Jack I. Zalkind, Esquire

BOSTON, MA   PITTSBURGH, PA   HARRISBURG, PA   PHILADELPHIA, PA   WASHINGTON, DC   WILMINGTON, DE
MORGANTOWN, WV   SOUTHPOINTE, PA   ALCOA CENTER, PA

{K0288973.1}