UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)  Crim. No. 05-10019-RGS<br>DANIEL W. McELROY, )<br>AIMEE J. KING McELROY, and )<br>XIEU VAN SON, )<br>)<br>      defendants. )<br>) | |

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO
COMPEL DISCLOSURE OF MATERIALS REGARDING ACCESS OF
INSURANCE FRAUD BUREAU PERSONNEL TO GRAND JURY MATERIAL

The United States, by its undersigned counsel, opposes defendants' motion to compel disclosure of court orders, together with various other information, pertaining to the participation by investigators from the Insurance Fraud Bureau of Massachusetts ("IFB") in the conduct of the grand jury investigation in this case.

In a discovery letter, the Defendants demanded disclosure of:

> " . . . all applications, affidavits and briefs filed by the United States Attorney's Office concerning this case and all Court Orders relating thereto, regarding the access of Insurance Fraud Bureau ("IFB" personnel to grand jury material. Also describe the nature and circumstances of every IFB personnel involvement with grand jury materials."

Defendants now move for an order compelling such production, for the reasons set forth in the Memorandum of Law in Support of Motion of Defendants Daniel W. McElroy and Aimee J. King McElroy to Compel Disclosure of Documents and Information Regarding the Access of Insurance Fraud Bureau Personnel to Grand Jury Material, August 29, 2005 ("Defendants' Memorandum").    It is debatable whether the materials defendants request are themselves

1

grand jury materials, in which case their motion would be directly governed by Fed. R. Crim. P. 6(e)(2)(E)(ii), or whether they are merely analogous to such materials. Either way, the same rule should apply. Criminal discovery is not an occasion for open-ended fishing expeditions. The defendants' mere curiosity or desire to see if they can find something to help their cause is no basis for ordering disclosure.

Under Rule 6(e)(2)(E)(ii), a defendant seeking disclosure of grand jury materials must show "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." As the First Circuit has noted, a defendant's right to disclosure of grand jury material "depend[s] on showing that some possible grounds for dismissal would be produced." United States v. Llaca Orbiz, 513 F.2d 816, 818 -819 (1st Cir. 1975) (addressing request of grand jury minutes); cf. Walsh v. United States, 371 F.2d 436, 437 (1st Cir. 1967) (applying earlier version of the pertinent Federal Rules of Criminal Procedure and finding that, where defendant "merely asked [for] an opportunity to examine the [grand jury] records without specifying any reason," there was no abuse of discretion in denying request).

The gist of defendants' motion is that they want to comb through the United States's submissions to the Court, and they want to review the entire history of IFB involvement in the grand jury investigation, to see if they can identify any procedural misstep with respect to the disclosure of 6(e) materials to IFB investigators. Defendants contend that if the United States failed to secure advance permission before making a disclosure to an IFB investigator, or if there were some other misstep in the process, this would constitute a breach of grand jury secrecy.

Absent some showing that there has actually been a violation, however, there is a presumption of regularity in grand jury proceedings and with it a concomitant presumption against open-ended disclosure of such matters. See Llaca Orbiz. 513 F.2d at 819 (affirming

district court's denial of discovery request where, "[a]nother allegation was that there was a breach of grand jury secrecy, but here again no showing was proffered and the presumption of regularity obtained.").

Defendants offer no evidence to support their conjecture that there has been some improper disclosure or other failure by the government to comply with its obligations with regard to grand jury investigations. There is nothing even to suggest that there has been any government misconduct or that further disclosures are necessary to uncover such misconduct. The defendants are simply asking to go fishing, in hopes that they might uncover some peccadillo which could be turned to their advantage. As the First Circuit has noted, in approving the district court's exercise of discretion to limit the scope of inquiry into the government's conduct of its investigation:

> In the absence of a particularized showing that the government was not turning square corners, the district court acted well within its discretion in refusing to let defense counsel embark on a fishing expedition.

United States v. Zaccaria, 240 F.3d 75, 81 (1st Cir. 2001) (citation omitted).

Defendants' acknowledge, as they must, that the First Circuit has now explicitly approved the procedure whereby the United States Attorney seeks prior court approval for disclosures to IFB investigators of information that may be protected from disclosure under Rule 6(e) of the Federal Rules of Criminal Procedure. See United States v. Pimental, 380 F.3d 575, 592 (1st Cir. 2004). Thus there is nothing surprising or untoward about the fact that IFB personnel were involved in the investigation of this case. The chief IFB investigator assigned to the matter was not only identified in discovery materials that were disclosed to the defendants, he was introduced to defense counsel during pre-indictment discussions.

Nor is there any substance to defendants' suggestion that even a "successful" fishing expedition would yield a legitimate basis for dismissal. Defendants assert that, if they were to identify some misstep in the handling of Rule 6(e) material, this could occasion the filing of dispositive motions. Memorandum at 1. Defendants fail, however, to explain what such "dispositive" motions might be based on. As noted above, the First Circuit has now rejected those district court decisions which ruled that there was something inherently improper about allowing IFB personnel access to Rule 6(e) materials. See Pimental, 380 F.3d at 594 , n.11 (noting decision of the district court in In re Grand Jury Proceedings, 158 F.Supp.2d 96 (D.Mass. 2001)) & at 590-96 (reversing decision of district court in United States v. Pimental, 204 F.R.D. 223, 226 (D. Mass. 2001). But even at the high-water mark for judicial hostility to IFB involvement in federal investigations, the district court rejected the contention that an improper disclosure of Rule 6(e) materials to an IFB investigator would warrant dismissal of an indictment. See United States v. Pimental, 204 F.R.D. at 226 (Gertner, J.) ("If the Rule 6(e) violation was not a knowing and bad faith violation of the rules, and did not prejudice the defendants, I may not dismiss the indictment against them.").

In this regard, Judge Bowler's decision in United States v. Mazzola, 183 F.Supp.2d 195 (D.Mass. 2001), is directly pertinent. While that decision was premised upon the now-discredited view that disclosure of grand jury materials to IFB investigators constituted a per se violation of Rule 6(e), the court concluded that disclosures akin to those now sought by the defendants in this case were unwarranted. The court in Mazzola "assum[ed] *arguendo* in defendants' favor that . . . identified IFB officials [had] participated in the grand jury proceedings," and that such participation violated Rule 6(e), but found nevertheless that the

defendants could not show that there was any ground for a motion to dismiss on this basis,[1] and therefore rejected the defendants' discovery motion. 183 F.Supp.2d at 200-201.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

dated: October 7, 2005

        By: /s/ Paul G. Levenson
        PAUL G. LEVENSON
        Assistant U.S. Attorney
        John Joseph Moakley United States Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3147

---

[1] In United States v. Dunham Concrete Products, Inc., 475 F.2d 1241, 1249 (5th Cir. 1973), the Fifth Circuit ruled that dismissal of an indictment would not be an appropriate sanction for a claimed violation of grand jury secrecy arising from the disclosure of 6(e) materials to an expert who was assisting the government's investigation. As the Supreme Court has subsequently made clear, "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988).