UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
UNITED STATES OF AMERICA,         )
                                              )
        v.                                    )
                                              )
                                              )    CRIMINAL NO. 05-10019-RGS
DANIEL W. McCELROY and          )
AIMEE J. KING McELROY           )
                                              )
        Defendants.                   )
_____)

## PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

Pursuant to Fed. R. Crim. P. 30, the United States hereby requests that the Court give the

following jury instructions, in addition to the Court's customary instructions common to all

criminal cases.  The United States reserves the right to supplement, modify, or withdraw these

requested instructions in light of the requests, if any, filed by the defendants and the evidence in

the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Sarah E. Walters
    JONATHAN F. MITCHELL
    SARAH E. WALTERS
    Assistant U.S. Attorneys
    John Joseph Moakley United States Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
Dated: January 11, 2008    (617) 748-3100

## <u>CERTIFICATE OF SERVICE</u>

I, Sarah E. Walters, hereby certify that on January 11, 2008 I served a copy of the foregoing by electronic filing on counsel for the defendants.

<u>**/s/ Sarah E. Walters**</u>
Sarah E. Walters

INSTRUCTION NO. 1

Conspiracy
18 U.S.C. § 371

Count One of the indictment charges the defendants with conspiring to commit the crimes of mail fraud and of procuring false tax returns. In order to prove the crime of conspiracy, the government must establish the following three elements beyond a reasonable doubt.

> First, that two or more persons knowingly conspired, combined, or agreed to a commit a federal criminal offense;
>
> Second, that a defendant willfully joined the alleged conspiracy; and
>
> Third, a defendant committed at least one overt act with the purpose of furthering the object of the conspiracy.

The essence of a conspiracy is an agreement or combination of two or more persons to disobey or disregard the law. A conspiracy is an agreement or mutual understanding to violate the law by means of a common plan or course of action. A conspiracy is most often described as a partnership in crime in which each member works as the agent of his fellow conspirators.

It is not necessary that the government prove that the unlawful purpose of a conspiracy was actually achieved in order to prove that the conspiracy existed. What the evidence must show, however, is that the conspirators, through some identifiable means, came to a mutual understanding to try to accomplish a common unlawful purpose, and that they did so knowingly, willfully and intentionally.

"Intentionally" means purposefully. "Willfully" means to participate willingly and voluntarily, and with the specific intent to do something that is unlawful. An act is done

3

"knowingly" if a defendant is aware of what he or she is doing and does not act through ignorance, mistake, or accident.

Mere similarity of conduct among various persons, and the fact that they may have associated with one another, and may have discussed common aims and interests, does not by itself establish the existence of a conspiracy.

In the same vein, merely being present while a crime takes place or is being discussed, or knowing about criminal conduct, or even engaging in unethical or dishonest conduct, does not necessarily make someone a member of a conspiracy.

What must be shown beyond a reasonable doubt is that members of the alleged conspiracy arrived at a mutual understanding to try to carry out an unlawful plan. In essence, there must have been an agreement to break the law.

In your consideration of the conspiracy offense alleged in the Indictment, you must first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged. To establish the existence of a conspiracy, the evidence need not show that the conspirators entered into any express or formal agreement, or even that they directly, by spoken or written words, stated between themselves just what their object or purpose was, or the details of the scheme, or the means by which they would succeed. It is sufficient if an agreement is shown by conduct evidencing a tacit understanding to share a purpose to violate the law.

Since a conspiracy, by its very nature, is a secret undertaking, neither the existence of the common agreement or scheme, nor the fact of a defendant's participation, need be proved by direct evidence. Both aspects may be inferred from the relationship and course of dealings between a defendant and his fellow conspirators.

The second element requires a showing as to each defendant that he or she knowingly became a member of the conspiracy, that is, that he or she deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose of the common plan. The extent of the defendant's participation and role in the conspiracy, however, is not determinative of his or her guilt. Two persons may be found to have conspired even though the evidence of the scope of one conspirator's role is much greater than that of another's. In order to be found guilty of conspiracy, it is not necessary that a defendant, or any of the alleged co-conspirators, be involved from the beginning of the conspiracy or in every phase of the conspiracy. The government need not prove that a defendant, or any of the alleged co-conspirators, knew all of the details of the conspiracy or even the identities of the all of the participants in the venture. All that is required is that the government show the essential nature of the plan and a defendant's connections with it.

Each member of the conspiracy may perform separate and distinct acts at different times and at different places. Some conspirators play major roles and others play minor roles. Thus, a single act may be enough to draw a defendant within the ambit of a conspiracy, provided that the proof establishes that the defendant was aware of the conspiracy and knowingly associated himself with it.

In deciding whether a defendant was a member of the conspiracy alleged in the Indictment, you should first consider the evidence pertaining to the defendant's own acts and statements. In addition, however, you may also consider any other evidence in the case as it bears on the issue of the defendant's membership in the conspiracy. Specifically, you may consider the acts and statements of other alleged conspirators, even if a defendant was not present at the time the acts were

done of the statements made, if you find such acts or statements were made by a member of the conspiracy during the conspiracy's existence, and served to further the purpose of the conspiracy.

This is true even of acts and statements made prior to a defendant's becoming a member of the conspiracy so long as the conspiracy was in existence at the time the act was done or the statement was made. When a defendant joins a conspiracy, he or she in effect adopts all that has been said and done to that point to effectuate the conspiracy's goal.

Since an essential element of the crime of conspiracy is the intent to commit the underlying crime, it follows that good faith on the part of the defendant is a complete defense to the charge. If you find that a defendant believed in good faith that he or she was acting properly, even if he or she was mistaken in that belief, and even if others were injured by the conduct, there would be no crime. A defendant has no burden to establish his or her good faith. The burden is on the government to prove the lack of good faith beyond a reasonable doubt.

Keep in mind that, while a defendant's honest belief that his or her actions were proper may negate an intent to commit the crime of conspiracy, a good faith belief that a potential victim will ultimately sustain no harm is not a defense. Moreover, an honest, good faith belief that one's actions were proper, which may tend to demonstrate good faith and negate intent, should not be confused with good motive, which does not. A good motive is not a defense where the act done is a crime. In considering whether a defendant acted in good faith, your focus must be on whether the government has proved that the defendant, in fact, acted with a bad purpose to disobey or disregard the law.

Finally, the government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one overt act to further the purpose of the conspiracy. An overt

act is any act knowingly committed in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proved. The government is not required to prove that a defendant personally committed or even knew about the overt act. It is sufficient to satisfy the third element if a conspirator committed an overt act at some time during the life of the conspiracy.

As explained above, the indictment in this case charges a conspiracy to commit two separate crimes or offenses – mail fraud and procuring false tax returns. It is not necessary for the Government to prove a conspiracy to commit both of those offenses. It would be sufficient if the Government proves, beyond a reasonable doubt, a conspiracy to commit one of those offenses; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon which of the two offenses was the subject of the conspiracy. If you cannot agree in that manner, you must find the defendant not guilty.

See Instruction given in U.S. v. James Bunchan and Seng Tan, Crim. No. 06-10004-RGS; Pattern Jury Instructions for the Eight Circuit, Criminal Cases Instruction No. 5.06F (Conspiracy: multiple offenses). See also Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction No. 4.03; U.S. v. Cloutier, 966 F.2d 24 ("It is commonplace that a single conspiracy may embrace multiple crimes).

INSTRUCTION NO. 2

Mail Fraud
18 U.S.C. § 1341

Counts Two, Three and Four of the indictment charge the defendants with violating the federal statute making mail fraud illegal. The relevant statute is 18 U.S.C. §1341, which prohibits the use of the mails in furtherance of any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

For you to find the defendants guilty of mail fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First, that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;
>
> Second, that the defendants knowingly and willfully participated in that scheme with the intent to defraud or to obtain money or property by means of false or fraudulent pretenses; and
>
> Third, the use of the United States mail, or interstate commercial carrier, on or about the dates charged, in furtherance of the scheme.

A scheme includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

8

To satisfy its burden of proof that a fact or matter is "material," the government is not required to show that the fact or matter in fact influenced or deceived the decisionmaker to whom it was addressed. Rather, a fact or matter is "material" if it has a natural tendency to influence or is capable of influencing the decisionmaker to whom it is addressed.

A person acts knowingly if he or she was conscious and aware of his or her actions, realized what he or she was doing or what was happening around him or her and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or to bring about some financial gain to oneself. Thus, if the defendant acted in good faith, he or she cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent and knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the working of the human mind. In determining what the defendants knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendants, and all other facts and circumstances received in evidence that may aid in your determination of the defendants' knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly

done or knowingly omitted.  It is entirely up to you to decide what facts are proven by the evidence received during this trial.

It is not necessary for the government to prove all of the details alleged in the indictment concerning the precise nature and purposes of the scheme or that the material transmitted by mail was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendants knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mail, on or about the date alleged was closely related to the scheme because the defendants either received something in the mail or caused it to be mailed in an attempt to execute or carry out the scheme.  To cause the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction No. 4.13 (1998); Neder v. United States, 527 U.S. 1, 25 (1999) ("[M]ateriality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes.").

10

INSTRUCTION NO. 3

Procuring False Tax Return
26 U.S.C. § 7206(2)

Counts Five through Eighteen of the indictment charge that the defendants willfully aided and assisted in, procured, counseled and advised the preparation and presentation to the Internal Revenue Service of Employers Federal Quarterly Tax Returns (IRS Forms 941) for Daily A. King, Labor, Inc. and Pro Temp Company that were fraudulent and false as to material matters. Each of counts Five through Eighteen of the indictment charges a different tax return.

For you to find the defendants guilty of procuring false tax returns, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First, that the defendants aided or assisted in, counseled or advised, the preparation and presentation of an Employers Federal Quarterly Tax Return (IRS Form 941) that contained false or fraudulent information, as to a material matter;

> Second, that the defendants knew that the information in the tax return was false or fraudulent;

> Third, in submitting the false or fraudulent statements, the defendants acted wilfully.

A statement or representation is "false" if it was untrue when made and was then known to be untrue by the person making it, or if it was made with reckless indifference as to its truth or falsity.

A statement, claim or document is "fraudulent" if it was falsely made, or if it was made with reckless indifference to its truth or falsity, and was made or caused to be made with an intent to deceive.

It is not necessary for the government to prove that the person required to prepare or present the Employers Federal Quarterly Tax Return knew of the falsity or fraudulent information contained therein.

A statement or representation is "material" if it has a natural tendency to influence, or is capable of influencing, a decision or action of the Internal Revenue Service.  A statement is "material" under this law if it is necessary for the correct computation of taxes owed and the statement was capable of influencing the decision of the Internal Revenue Service.

And act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. This showing of willfulness will most often be made by circumstantial evidence, because direct proof of willfulness may not be readily available.

The government is not required to prove that any additional tax was owed or that the government was deprived of any tax revenues by reason of any filing of any false tax return.

18 U.S.C. § 7206(2); <u>U.S. v. Monteiro</u>, 871 F.2d 204 (1989); <u>Pattern Jury Instructions for the 10th Circuit, Criminal</u>, Section 2.94 (2006)

INSTRUCTION NO. 4

Aiding and Abetting

To aid and abet means intentionally to help someone else commit a crime. To establish

aiding and abetting, the government must prove beyond a reasonable doubt:

(1)     that someone else committed the charged crime; and

(2)     that the defendant willfully participated in it as he would in
        something he wished to bring about.

This means that the government must prove that the defendant consciously shared the other

person's knowledge of the underlying criminal act, intended to help him, and willfully took part

in the endeavor, seeking to make it succeed.  The defendant need not perform the underlying

criminal act, be present when it is performed, or be aware of the details of its execution to be

guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that

something criminal is happening is not enough. Mere presence at the scene of a crime and

knowledge that a crime is being committed are also not sufficient to establish aiding and

abetting.

An act is done willfully if done voluntarily and intentionally with specific to do

something that the law forbids be done, or with specific intent to fail to do something the law

requires to be done; that is to say with bad purpose, either to disobey or disregard the law.

Pattern Jury Instructions of the First Circuit, Criminal Cases, § 4.02 (1998).

INSTRUCTION NO. 5

Willful Blindness

In deciding whether the defendants acted knowingly, you may infer that the defendants had knowledge of a fact if you find that he or she deliberately closed his or her eyes to a fact that otherwise would have been obvious to him or her.

In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact in question. Second, that the defendant consciously and deliberately avoided learning that fact. That is to say, that the defendant willfully made him or herself blind to that fact. It is entirely up to you to determine whether the defendant deliberately closed his or her eyes to that fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction No. 2.14 (1998). "A willful blindness instruction is justified when the defendant claims to lack guilty knowledge, yet, the evidence, taken in the light most favorable to the government, suffices to support an inference that he deliberately shut his eyes to the true facts." U.S. v. Singh, 222 F.3d 6, 10 (2000) (citing U.S. v. Gabriele, 63 F.3d 61, 66 (1st Cir. 1995)). The instruction is warranted even where the defendant does not testify but invokes such a defense through defense counsel's argument and cross examination. See id.