UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANIEL W. McELROY, )<br>AIMEE J. KING McELROY, )<br>)<br>Defendants. ) | Criminal No. 05-10019-RGS |

## MEMORANDUM OF LAW IN SUPPORT OF XIEU VAN SON'S MOTION TO QUASH SUBPOENA DUCES TECUM OF DEFENDANT DANIEL J. McELROY

*Factual Background*

On January 8, 2008 Xieu Van Son ("Mr. Van Son"), a defendant in the above-captioned case,[1] received a subpoena *duces tecum*[2] to appear before this Court and to bring with him certain documentation. The subpoena, issued to Mr. Van Son by Daniel W. McElroy ("Defendant"), commanded Mr. Van Son to appear before the Court on January 17, 2008, and further commanded him to bring copies of all his federal tax returns filed with the Internal Revenue Service for the tax years 1985 through 2006. A copy of the subpoena is attached hereto as Exhibit A. The trial date in this case is currently scheduled for Tuesday, January 22, 2008. See Defendants' Motion for Continuance, Docket Entry # 94.

An examination of the docket in this case reveals that Defendant did not seek the authorization of this Court, pursuant to Fed. R. Crim. P. 17(c), to issue a subpoena *duces tecum*

---

[1] While Mr. Van Son was named as a defendant in the indictment handed down in this case on January 26, 2005, he was severed from defendants Daniel W. McElroy and Aimee J. King McElroy pursuant to a plea agreement he entered with the government (Docket Entry # 67) and the subsequent guilty plea he entered with the Court on June 15, 2006.

[2] Mr. Van Son received the subpoena *duces tecum* care of his counsel.

to Mr. Van Son for the pre-trial production of the requested documents.[3]

*Argument*

In order to obtain pre-trial production of documents pursuant to Fed. R. Crim. P. 17(c), a defendant must show

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700 (1974); see also United States v. LaRouche Campaign, 841 F.2d 1176, 1179 (1st Cir. 1988); United States v. Shinderman, 232 F.R.D. 147, 150 (D. Me. 2005).

In this case, Defendant has not made a showing under any of the criteria articulated by the Court in Nixon that he should be allowed to obtain and inspect, prior to the trial in this case, any of the documents he seeks in the subpoena issued to Mr. Van Son.[4] To the contrary, Defendant has not provided the Court with a single reason why Mr. Van Son's compliance with the subpoena is necessary.

Absent such a showing by Defendant, Mr. Van Son asserts that even if Defendant had sought the Court's approval for the request contained in the subpoena, Defendant would not have

---

[3] The docket does show, however, that Defendant filed a motion seeking such authorization for the issuance of similar subpoenas *duces tecum* to Dich Trieu and Charles Wallace, who are government cooperating witnesses in this case but who, unlike Mr. Van Son, were not initially named as parties. See Docket Entry # 51. Significantly, that motion, which was allowed by the Court, see Docket Entry # 58, sought copies of the tax returns of Mr. Trieu and Mr. Wallace from 2001 to the present. Today, without the authority of the Court, Defendant's subp oena contains a more broad request, as he seeks the tax returns of Mr. Van Son dating back to 1985.

[4] The docket does not show that Defendant informed the Court in any way of the substance of the request contained in the subpoena.

2

overcome the first hurdle of the <u>Nixon</u> test, that the documents sought are evidentiary and relevant. <u>Nixon</u>, 418 U.S. at 699. In this case, the tax returns of Mr. Van Son are inadmissible evidence in the prosecution of Defendant and Aimee J. King McElroy, precisely because they hold no relevance to the proceedings. <u>See</u> Fed. R. Evid. 402. Further, the content of Mr. Van Son's tax returns, especially of those from years during which he was not employed by Defendant and Ms. McElroy, contain no probative value in the prosecution of Defendant and Ms. McElroy.

Mr. Van Son further asserts that compliance with the subpoena would be unreasonable under Fed. R. Crim. P. 17(c)(2), where Defendant seeks copies of Mr. Van Son's tax returns dating back twenty-three years. Defendant's request, seeking highly private and confidential information, is overbroad and unduly burdensome to Mr. Van Son.

WHEREFORE, for the foregoing reasons, Mr. Van Son moves this Court to quash the subpoena *duces tecum* served upon him by Defendant in the above-captioned case.

> Respectfully submitted,
> **XIEU VAN SON**
> By his attorney,
> /s/ Mark D. Smith
> Mark D. Smith, BBO# 542676
> Laredo & Smith, LLP
> 15 Broad Street, Suite 600
> Boston, MA 02109
> (617) 367-7984

January 16, 2008

## CERTIFICATE OF SERVICE

    I hereby certify that the above Memorandum of Law in Support of Xieu Van Son's Motion to Quash Subpoena Duces Tecum of Defendant Daniel W. McElroy filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 16, 2008.

                                          /s/ Mark D. Smith
                                          Mark D. Smith

January 16, 2008

# UNITED STATES DISTRICT COURT

DISTRICT OF  MASSACHUSETTS

UNITED STATES OF AMERICA

V.

DANIEL W. McELROY and
AIMEE J. KING McELROY

SUBPOENA IN A
CRIMINAL CASE

Case Number:

TO: Xieu Van Son
c/o Mark D. Smith, Esquire
Laredo & Smith, LLP
15 Broad Street
Boston, MA 02109

**05 CR 10019 RGS**

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS John Joseph Moakley U.S. Courthouse 1 Courthouse Way Boston, MA 02210 | COURTROOM 21 |
|---|---|
|  | DATE AND TIME January 17, 2008 2:30 p.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Copies of all your federal tax returns and amended federal tax returns, including all schedules thereto that were filed either by you or your agent with the Internal Revenue Service for the tax years 1985 through 2006.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT SARAH A. THORNTON (By) Deputy Clerk | DATE JAN 0 4 2008 |
|---|---|
| ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER: | Attorney for Daniel W. McElroy Stephen R. Delinsky, Esquire ECKERT SEAMANS CHERIN & MELLOTT, LLC 1 International Place, Boston, MA 02110 |

(617) 342-6825