UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**DOCKET NO. 05 CR 10019**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| DANIEL W. McELROY, and | : | |
| | : | |
| AIMEE J. KING McELROY | : | |
| | : | |
| Defendants, | : | |
| | : | |

## MOTION TO QUASH SUBPOENA
## FOR PRODUCTION OF RECORDS

Advanced Temporary Services, Inc., hereafter *"ATS"*, by and through Counsel,
moves to **QUASH** the subpoena duces tecum issued against it at the request of the
Defendant, Daniel W. McElroy. In support of its motion to quash, Advanced Temporary
Services, Inc. states:

1.  *Lack of Reasonable Time to Comply* - The request fails to allow a reasonable time
    to comply. *ATS* estimates it would take approximately 1½ months to comply with
    the request due to the volume of records requested.

2.  *Lack of Materiality, Relevance and Admissiblility* - The records requested in
    request #(4) seeking *"temporary employee"* records, are neither material nor
    relevant to the criminal charges pending against the Defendant, Daniel W.
    McElroy, nor are they admissible. Additionally the shear volume of records is
    insurmountable. *ATS* has employed approximately 4000-5000 employees since its
    inception, of which approximately 900-1000 are currently active employees.

1

Production of all records would be oppressive.

3.  *Personal Identifiers* - The requests require disclosure of personal identifiers of thousands of employees and of Charles Wallace, i.e., social security number(s); age(s); date(s) of birth; financial account numbers, as well as, financial account numbers and tax identification numbers of *ATS* and its customers, see Local Rule 5.3, which are either privileged or protected and, which are neither relevant nor material to the criminal charges pending against the Defendant, nor are they admissible.

4.  *Great Expense* - To produce the records would cause great expense since *ATS* would have to lease several copiers and create several paid working positions to sort, remove staples, redact personal identifiers, copy and label documents. Additionally, *ATS* would have to lease one truck to transport the large volume of documents to the Courthouse. The subpoena fails to ensure reasonable compensation.

5.  *Overly Broad and Non-specific* - The request is overly broad and non-specific essentially directing *ATS* to produce all records from 2003 to the present, despite that *ATS* began business in November 2003.

6.  *Undue Burden and Oppressive* - To produce the thousands of records and documents would cause an undue burden and great inconvenience to *ATS* because the subpoena requests almost all documents of *ATS* since its inception in 2003.

7.  *Lack of Materiality, Relevance and Admissiblility* - *ATS* is a legally incorporated subchapter S corporation beginning business in November 2003. The records requested in requests #(1) - (5) are neither material nor relevant to the criminal

charges pending against the Defendant, Daniel W. McElroy. *ATS* has never employed nor in any manner been connected to either Daniel W. McElroy or Aimee J. King McElroy. The records would not be admissible.

8. *Lack of Materiality, Relevance and Admissiblility* - The records requested in request #(3) seeking *"customer"* records, are neither material nor relevant to the criminal charges pending against the Defendant, Daniel W. McElroy, nor are they admissible. The request seeks *"All records from 2003 to the present indicating the names and addresses of customers"* of *ATS*.

9. *"Fishing Expedition"* - The requests are a *"fishing expedition"* for the discovery of evidence by the Defendant, Daniel W. McElroy, outside the mandates and restrictions of Fed.R.Crim.P. 16. United States v. LaRouche Campaign, 841 F.2d 1176, 1179 (1st Cir. 1988) (quoting United States v. Nixon, 418 U.S. 683, 699-700 (1974); United States v. Berrios, 501 F.2d 1207 (2nd Cir. 1974).

10. *Cumulative Evidence* - The requests seek evidence that would be cumulative and therefore not admissible, e.g., 4000-5000 tax records of individual employees; accounts of past and present customer base, etc.. United States v. Erlichman, 376 F. Supp. 29 (D.D.C. 1974).

11. *Inconvenience* - To have to comply with the subpoena in the month of January 2008, would cause great inconvenience to *ATS* because *ATS* is in the process of issuing tax related documents for Fiscal Year 2007 to hundreds of employees prior to the I.R.S. deadline of January 31, 2007, while continuing to maintain its daily operations. *ATS* is not currently staffed to meet the requests.

12. *Lack of Relevance, Impeachment material, Jencks Act* - Request #(1) seeks

*"payroll records"* and *"job application"* of Charles Wallace. Charles Wallace is a material witness for the Government in this prosecution. To the extent that these items exist, specifically the *"job application,"* statements may exist that would be included in his direct examination testimony, and therefore production would constitute pre-direct examination production.  Jencks Act, 18 U.S.C. §3500. Fed.R.Crim.P. 16 (2).

ATS is not connected to either Defendant and is not a known witness for either the Government or the Defense. Further Charles Wallace, in his position with *ATS,* is not connected to the Defendant Daniel McElroy and therefore the requested documents are not material, relevant or admissible at trial. The fact that Charles Wallace was once either employed by or engaged in a business relationship with the Defendant Daniel McElroy, bears no connection to Charles Wallace's business relationship years later or *"payroll records"* belonging to *ATS*, and at best would constitute only prospective impeachment materials against Charles Wallace at trial in derogation of Fed. R. Crim. P. 17 (c) production. United States v. Decologero, Docket No. 01-10373-RWZ (Mass.Dist.Ct. January 13, 2006); In the Matter of Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 15 (2nd Cir. 1962); Bowman v. Dairy Co. v. United States, 341 U.S. 214 (1951).

**IN SUPPORT HEREOF**, Counsel relies on the *Affidavit* of Manuel DeAguiar and Counsel's *Memorandum of Law*.

Respectfully Submitted,
Advanced Temporary Services, Inc.,
By Its Attorney,

Paul A. Bjessim

4

Paul A. Bogosian
Attorney At Law
210 Rock Street
Fall River, MA 02720
(508) 837-6791
BBO #561068
BOGOESQ@verizon.net

### CERTIFICATE OF SERVICE

I hereby certify that this document was attempted to be sent through the ECF system electronically to the registered participants but could not be. Yesterday, I notified the Court through Nancy Johnson that I would file and serve paper copies on January 17, 2008.

_Paul A. Bogosian_
Paul A. Bogosian

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05 CR 10019

UNITED STATES OF AMERICA          :
                                  :
                                  :
          vs.                     :
                                  :
DANIEL W. McELROY, and            :
                                  :
AIMEE J. KING McELROY             :
                                  :
     Defendants,                  :
                                  :

### MEMORANDUM OF LAW IN SUPPORT OF MOTION
### TO QUASH SUBPOENA FOR PRODUCTION OF RECORDS

Statement of Facts

A statement of known facts by Advanced Temporary Services, Inc., is that on

January 9, 2008, a subpoena was served upon it for the production of records in the

existing criminal case pending against Daniel W. McElroy and Aimee J. King McElroy.

*(See Attached Subpoena)*. Advanced Temporary Services, Inc., is a lawfully incorporated

entity under Massachusetts Laws doing business in and throughout Massachusetts. It has

been in existence since November 2003. Advanced Temporary Services, Inc. is a

temporary employment agency, providing workers for its customers. Advanced

Temporary Services, Inc., has never engaged, employed or been associated with Daniel

W. McElroy and Aimee J. King McElroy. Charles Wallace, a material Government

witness against Daniel W. McElroy and Aimee J. King McElroy in the pending

prosecution, is the bookkeeper for Advanced Temporary Services, Inc., and is an investor

in Advanced Temporary Services, Inc..

1

Law

To obtain production of materials before trial pursuant to Fed. Crim. P. Rule 17 (c), a

defendant must show:

> (1) that the documents are evidentiary and relevant; (2) that
> they are not otherwise procurable reasonably in advance of trial by
> exercise of due diligence; (3) that the party cannot properly prepare
> for trial without such production and inspection in advance of trial
> and that the failure to obtain such inspection may tend unreasonably
> to delay the trial; and (4) that the application is made in good faith
> and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700 (1974); see also United States v.

LaRouche Campaign, 841 F.2d 1176, 1179 (1st Cir. 1988); United States v. Berrios, 501

F.2d 1207 (2nd Cir. 1974).

> It is not enough that the documents have some potential of
> relevance and evidentiary use. There must be a sufficient likelihood
> that the requested material is relevant to the offenses charged in the
> indictment and a sufficient preliminary showing that the requested
> material contains evidence admissible with respect to the offenses
> charged. Conclusory allegations of relevance and admissibility are
> insufficient.

United States v. Jackson, 155 F.R.D. 664 (D. Kan. 1994). Fed. Crim. P. Rule 17 (c) was

never intended to substitute or supplant the discovery allowed by Fed. Crim. P. 16. See In

the Matter of Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 15 (2nd Cir. 1962) ("Rule 17

(c) was not designed to provide an additional means of discovery."). Bowman Dairy Co.

v. United States, 341 U.S. 214 (1951). The *hope* of obtaining potentially favorable

information does not justify the issuance of a Rule 17 (c) subpoena. See United States v.

Hang, 75 F.3d 1275, 1283 (8th Cir. 1996). See United States v. Gikas, 112 F.R.D. 198,

201 (D. Mass. 1986) ("a 'mere hope' that something of value might turn up in the

documents" is  not enough) See also United States v. Cuthbertson, 630 F.2d 139, 146 (3d

Cir. 1980) (The "mere hope that some exculpatory material might turn up" is insufficient). The burden rests with the party seeking the subpoena "to show the evidentiary nature of the requested materials with appropriate specificity" and the requesting party "must do more than speculate about the relevancy of the materials being sought." United States v. Skeddle, 178 F.R.D. 167 (N.D. Ohio 1996). Further, Rule 17 (c)'s function "is to provide a means whereby the moving party may obtain documents *he intended to submit into evidence* at trial.") In the Matter of Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 15 (2nd Cir. 1962); Bowman v. Dairy Co. v. United States, 341 U.S. 214 (1951). A subpoena is not proper where the requesting party is on a "fishing expedition" for "prospective use  of the material only for impeachment." United States v. Decologero, Docket No. 01-10373-RWZ (Mass. Dist. Ct. January 13, 2006). As stated by the Court in United States v. Nixon, 418 U.S. 683, 701 (1974): "[T]he need for evidence to impeach witnesses is insufficient to require its production in advance of trial."

Analysis

Specificity is not sought in the requests. Rather the Defendant requests *"all payroll records ... including W-2's, 1099's, payroll checks"* and *"all bank statements including deposit slips and all cancelled checks"* and *"all records from 2003 to present of customers"* and *"all federal income tax returns including all schedules."* As stated by the Court in United States v. Jackson, 155 F.R.D. 664, 667-668 (D. Kan. 1994):

> In describing the documents, the subpoena must refer to
> to specific documents or, at least, to specific kinds of documents.
> Requesting entire files instead of specific documents indicates a
> fishing expedition. The specificity hurdle, however, cannot be
> cleared by simply naming the title of the document. The moving
> party must specify why the materials are wanted, what information
> is contained in the documents, and why the documents would be
> relevant and admissible at trial.

3

Terms such as "any and all documents" or "including, but not limited to" indicates a fishing expedition. United States v. Jackson, 155 F.R.D. 664, 667-668 (D. Kan. 1994). Justification for such a broad request without any specificity as to the content sought within the requested documents and its purpose is a voidable *"fishing expedition."* Defendant's Counsel cannot articulate and does not know what the requested records will reveal. He only seeks production as help in potentially impeaching the credibility of Charles Wallace, a known Government witness, prior to Charles Wallace's testimony. The fact that Charles Wallace is engaged in a business relationship with Advanced Temporary Services, Inc., also does not make documents possessed by the Corporation relevant to the prosecution or defense against Daniel W. McElroy or Aimee J. King McElroy. Interestingly, neither the co-Defendant, Aimee King McElroy or the Government, has sought or subpoenaed any of the alleged relevant documents being sought by Daniel W. McElroy from Advanced Temporary Services, Inc..

Advanced Temporary Services, Inc., is not a named party or witness in this prosecution. Further, Advanced Temporary Services, Inc., possesses no connection to either of the Defendants. The document requests seek records of 4000-5000 temporary employees, and customers of Advanced Temporary Services, Inc., as well as, financial records and tax filings of Advanced Temporary Services, Inc.. The requests do not meet the basic test of relevance, see United States v. Lieberman, 608 F.2d 889, 904 (1st Cir. 1979), or of materiality. See United States v. Agurs, 427 U.S. 97, 109-110 ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense.") Further, thousands of pages of temporary employee records and

customer records and tax filings, would amount to nothing more than cumulative evidence that would not be admissible. United States v. Erlichman, 376 F. Supp. 29 (D.D.C. 1974) ("Cumulative material will be rejected.")

The thousands of documents requested by the Defendant is clearly burdensome and oppressive to Advanced Temporary Services, Inc. to produce. The expense would be great. Additionally, all of the documents contain personal identifying information that is privileged to the individuals whose information is being sought.

## Conclusion

Defendant's subpoena and requests should be quashed. *ALTERNATIVELY*, should the Court decide not to quash the subpoena and to order production, Advanced Temporary Services, Inc., requests:

1. A reasonable period of time of 1½ months beyond January 31st 2008, to produce the records.

2. Additionally, substantial expense to Advanced Temporary Services, Inc., would occur through the need to lease several copiers for copying the documents; hire and staff the office to conduct the copying; and, lease a vehicle to transport the records to Court, an expense that should not be borne by Advanced Temporary Services, Inc. Advanced Temporary Services, Inc., would request the expenses be paid by the Defendant.

**Advanced Temporary Services, Inc., requests a hearing on this matter.**

Respectfully Submitted,
Advanced Temporary Services, Inc.,
By Its Attorney,

Paul A. Bogosian
Attorney At Law
210 Rock Street

5

Fall River, MA 02720
(508) 837-6791
BBO #561068
BOGOESQ@verizon.net

## *CERTIFICATE OF SERVICE*

I hereby certify that this document was attempted to be sent through the ECF system electronically to the registered participants but could not be. Yesterday, I notified the Court through Nancy Johnson that I would file and serve paper copies on January 17, 2008.

Paul A. Bogosian

6

RECEIVED 01-'11-'08 13:39    FROM-    TO- fieldstone cap mgt    P001/002

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

### DISTRICT OF    MASSACHUSETTS

UNITED STATES OF AMERICA

V.

DANIEL W. McELROY, and
AIMEE J. KING McELROY

TO:

KEEPER OF THE RECORDS
ADVANCED TEMPORARY SERVICES, INC.
418 Belmont Street
Brockton, MA 02301

**SUBPOENA IN A
CRIMINAL CASE**

Case Number:

## 05 CR 100.19 RGS

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS John JOseph MOakley U.S. Courthouse 1 Courthouse Way, Boston, MA 02210 | COURTROOM 21 |
|---|---|
| | DATE AND TIME January 17, 2008 2:30 p.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

SEE SCHEDULE "A" ATTACHED

A TRUE COPY, ATTEST
DEPUTY SHERIFF 1/9/08

| U.S. MAGISTRATE JUDGE SARAH A. THORNTON (By) Deputy Clerk | DATE JAN 04 2008 |
|---|---|

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER: Attorney for Daniel W. McElroy
Stephen R. Delinsky, Esquire
Eckert Seamans Cherin & Mellott, LLC
1 International Place, Boston, MA 02110
(617) 342-6823

RECEIVED 01-11-'08 13:39    FROM-    TO- fieldstone cap mgt    P002/002

## SCHEDULE "A"

1.      All payroll records of Charles Wallace from 2003 until the present, including W-2's, 1099's, payroll checks and his job applications;

2.      All bank statements, including deposit slips and all cancelled checks for the period 2003 to the present;

3.      All records from 2003 to the present, indicating the names and addresses of the customers of Advanced Temporary Services, Inc.;

4.      All payroll records, including IRS form W-2's and IRS form 1099's for all temporary workers employed by or through Advanced Temporary Services, Inc. for the period 2003 through the present; and

5.      All federal income tax returns, including all schedules for Advanced Temporary Services, Inc. for the period 2003 through the present.

RECEIVED 01-11-'08 13:39    FROM-    TO- fieldstone cap mgt    P002/002

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**DOCKET NO. 05 CR 10019**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| vs. | : |
| | : |
| DANIEL W. McELROY, and | : |
| | : |
| AIMEE J. KING McELROY | : |
| | : |
| Defendants, | : |
| | : |

## AFFIDAVIT IN SUPPORT OF MOTION TO
## QUASH SUBPEONA FOR PRODUCTION OF RECORDS

*NOW* comes Manuel DeAguiar, Office Manager/Keeper of Records for Advanced

Temporary Services, Inc., and hereby deposes and states the following to be true and

accurate to the best of his belief and knowledge:

1.     I am the Office Manager/Keeper of Records for Advanced Temporary Services,

   Inc., of Brockton, Massachusetts.

2.     I have been employed by Advanced Temporary Services, Inc., for three (3) years.

3.     I have reviewed the *"Subpeona In A Criminal Case"* served upon Advanced

   Temporary Services, Inc. by and through the Attorney for Daniel W. McElroy.

4.     The documents requested encompass thousands of pages and would be

   burdensome and time consuming to go through.

5.     We do not currently have the staffing or copier machines to enable us to produce

   the records. We would need to lease several copiers; hire several employees to

   copy, label and remove certain information from the documents; and, rent a truck

to transfer the documents to the Courthouse. I approximate it would take 1½

months to produce the records.

6.   From now until January 31, 2007, we are busy not only with the daily operations

of the business but also in complying with the I.R.S. standards and mandates for

issuing tax records for our active employees which number between 900-1000.

7.   Our active and inactive employees since inception in November of 2003 is

between 4000-5000 workers.

Signed this 17th day of January 2008 under the pains and penalties of perjury.

_____
Manuel DeAguiar

### CERTIFICATE OF SERVICE

I hereby certify that this document was attempted to be sent through the ECF system electronically to the registered participants but could not be. Yesterday, I notified the Court through Nancy Johnson that I would file and serve paper copies on January 17, 2008.

_____
Paul A. Bogosian

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**DOCKET NO. 05 CR 10019**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| vs. | : |
| | : |
| DANIEL W. McELROY, and | : |
| | : |
| AIMEE J. KING McELROY | : |
| | : |
| Defendants, | : |
| | : |

## CORPORATE DISCLOSURE STATEMENT

*NOW* comes Advanced Temporary Services, Inc., by and through Counsel, and

pursuant to Local Rule 112.4 hereby states that *NO* parent corporation or publicly held

corporation exists or owns 10% or more of its stock.

Respectfully Submitted,
Advanced Temporary Services, Inc.,
By Its Attorney,

Paul A. Bogosian
Attorney At Law
210 Rock Street
Fall River, MA 02720
(508) 837-6791
BBO #561068
BOGOESQ@verizon.net

## *CERTIFICATE OF SERVICE*

I hereby certify that this document was attempted to be sent through the ECF system
electronically to the registered participants but could not be. Yesterday, I notified the
Court through Nancy Johnson that I would file and serve paper copies on January 17,
2008.

Paul A. Bogosian

1