UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

---
UNITED STATES OF AMERICA  )
                              )

v.                              )     NO.   05-CR-10019 RGS

                               )

DANIEL W. McELROY &       )
AIMEE J. KING McELROY     )
---

### DICH TRIEU'S MOTION AND MEMORANDUM OF REASONS TO QUASH SUBPOENA DUCES TECUM OF DEFENDANT DANIEL W. McELROY

Now comes Dich Trieu ("Trieu") and moves this Honorable Court to quash the subpoena duces tecum served against him by Defendant Daniel W. McElroy ("Defendant"). See Rule 17(c) of the Federal Rules of Criminal Procedure.

As grounds for this motion, Trieu states as follows:

1) On or about January 14, 2008, Trieu was served by Defendant with a subpoena duces tecum commanding him to appear before the Court on January 17, 2008, with the following documents: "Copies of all your federal tax returns and amended federal tax returns, including all schedules thereto that were filed either by you or your agent with the Internal Revenue Service for the tax years 1985 through 2006." See Exhibit "A."

2) On August 9, 2005, Defendant filed a Motion Of Defendants Daniel W. McElroy And Aimee J. King McElroy For An Order Authorizing The Issuance Of Subpoena Duces Tecum Pursuant To Fed. R. Crim. P. 17(c) To Dich Trieu And Charles Wallace For Pretrial Production Of Copies of Delinquent Personal Federal Tax Returns (hereinafter "Defendant's Motion")

and a memorandum in support thereof (hereinafter "memorandum"). See Exhibits "B" and "C."

3) In Defendant's Motion, Defendant sought "all delinquent personal federal tax returns that were filed by Mr. Trieu after August 7, 2001." In the memorandum supporting the motion, Defendant argued that such delinquent tax filings were relevant, inter alia, because the Government had disclosed that Trieu did not file individual returns for the years 1998, 1999, and 2000.

4) The Government filed its response to Defendant's Motion on October 7, 2005. See Exhibit "D." The Government, with conditions, did not oppose the Defendant's Motion, insofar as the tax returns requested "may reflect [Trieu's] receipt of money from defendant's businesses during the period when [Trieu was] employed by those businesses," i.e., 1998, 1999, 2000.

5) On October 11, 2005, the Courts (Collings, U.S.M.J.) allowed Defendant's Motion with the conditions sought by the Government. See Exhibit "E."

6) The Magistrate's Order of October 11, 2005, when read in conjunction with Defendant's Motion and the Government's response, authorizes only the production of delinquent tax returns for the years, 1998, 1999, and 2000, filed after August 7, 2007.

7) The subpoena as issued to Trieu is overbroad, oppressive, and goes beyond what has been authorized by the Court.

8) The Defendant has not complied with the provisions of Federal Rules of Criminal Procedure 17(c) inasmuch as Defendant has not demonstrated that the materials sought constitute admissible "evidence" at trial, as opposed to

"discovery." See United States v. Nixon, 418 U.S. 682, 699-700 (1974). Nor

has Defendant properly applied to the Court for the issuance of such a broad

subpoena, as noted by the Court at the hearing on this matter on January 17,

2008.

9) Trieu has no documents as ordered to be produced by Magistrate Judge

Collings, i.e., "delinquent personal federal tax returns filed by Mr. Trieu after

August 7, 2001." To the extent that Defendant's subpoena properly seeks such

documents, Trieu reports that he has no such documents.

## Certification Under Local Rule 7.1

Counsel certifies that he has conferred with the Government and has attempted to

confer with counsel for Defendant, (leaving two unanswered phone messages on January

17 and 18, 2008) in an attempt in good faith to resolve or narrow the issues.

Wherefore, Dich Trieu requests that this Court quash the subpoena duces tecum

seeking his federal tax returns in this case, to the extent that it seeks documents beyond

the scope of the Court's (Collings, U.S.M.C.) previous order.

DICH TRIEU
By his attorney

John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108
(617)723-7010
BBO# 387980

Dated: January 18, 2008



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 05-10019-RGS |
| | ) | |
| DANIEL W. McELROY, | ) | |
| AIMEE J. KING McELROY, and | ) | |
| XIEU VAN SON | ) | |
| | ) | |

**MOTION OF DEFENDANTS DANIEL W. McELROY AND AIMEE J. KING McELROY
FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS DUCES TECUM
PURSUANT TO FED. R. CRIM. P. 17(c) TO DICH TRIEU AND CHARLES WALLACE
FOR PRETRIAL PRODUCTION OF COPIES OF DELINQUENT PERSONAL
FEDERAL TAX RETURNS**

Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, defendants Daniel W.

McElroy ("Mr. McElroy") and Aimee J. King McElroy ("Ms. King") move this Court to enter an

Order authorizing the issuance of subpoenas *duces tecum* to Dich Trieu and Charles Wallace for

the production of all delinquent personal federal tax returns that were filed by Mr. Trieu after

August 7, 2001 and Mr. Wallace after October 1, 2001, the dates they signed proffer letter

agreements and became government cooperating witnesses.  Mr. McElroy and Ms. King submit

that the production of this highly probative evidence involving key government witnesses is

essential in the preparation of their defense, as it would cast doubt on the credibility of the

witnesses' testimony and expose their motive for cooperating with the government.  Pursuant to

Local Rule 7.1, a good faith attempt was made to eliminate or narrow the issues raised in this

Motion through a conference with counsel for the government.  Counsel for the government

stated that he would neither oppose nor assent to the defendants' motion for an Order authorizing

issuance of pretrial subpoenas pursuant to Fed. R. Crim. P. 17(c).  In further support of this



EXHIBIT

C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

)
UNITED STATES OF AMERICA        )
                                )
v.                              )        CASE NO. 05-10019-RGS
                                )
DANIEL W. McELROY,              )
AIMEE J. KING McELROY, and      )
XIEU VAN SON                    )
                                )

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS DANIEL W. McELROY AND AIMEE J. KING McELROY FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO FED. R. CRIM. P. 17(c) TO DICH TRIEU AND CHARLES WALLACE FOR PRETRIAL PRODUCTION OF COPIES OF DELINQUENT PERSONAL FEDERAL TAX RETURNS

Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, defendants Daniel W.

McElroy ("Mr. McElroy") and Aimee J. King McElroy ("Ms. King") request that this Court

enter an Order authorizing the issuance of subpoenas *duces tecum* to Dich Trieu and Charles

Wallace for the production of all delinquent personal federal tax returns that were filed by Mr.

Trieu after August 7, 2001 and Mr. Wallace after October 1, 2001, the dates they signed proffer

letter agreements and became government cooperating witnesses. Mr. McElroy and Ms. King

submit that the production of this highly probative evidence involving key government witnesses

is essential in the preparation of their defense, as it would cast doubt on the credibility of the

witnesses' testimony and their motive for cooperating with the government. Evidence that

Charles Wallace and Dich Trieu filed delinquent personal federal tax returns only after becoming

government witnesses in 2001 has a direct bearing on their credibility and creates an obvious

implication that they filed their tax returns in exchange for some type of inducement or so that

their failure to file tax returns would not be grounds for impeachment if they subsequently testified for the government. In addition, the returns may show sources of income inconsistent with their statements to the government. Accordingly, pursuant to the Federal Rules of Criminal Procedure and controlling case law set forth below, this Court should grant the motion of Mr. McElroy and Ms. King for an Order authorizing issuance of subpoenas *duces tecum* to Dich Trieu and Charles Wallace for the pretrial production of delinquent personal federal tax returns filed by Mr. Trieu after August 7, 2001 and by Mr. Wallace after October 1, 2001.

## PROCEDURAL HISTORY

On January 26, 2005, the Grand Jury of the United States District Court, District of Massachusetts, returned indictments against Mr. McElroy and Ms. King charging them with one count of conspiracy (18 U.S.C. §371), three counts of mail fraud (18 U.S.C. §1341), and fourteen counts of procuring false tax returns (26 U.S.C. §7206).

The government served its automatic discovery letter on March 15, 2005. On July 12, 2005, counsel for Mr. McElroy, Ms. King and Xieu Van Son submitted a discovery letter to the government pursuant to Local Rule 116.3 and the Scheduling Order entered by Magistrate Judge Collings on April 6, 2005, requesting specific information and materials critical to the preparation of the defense of this case. Paragraph 36 of the defendants' discovery letter specifically requested that the government "[p]rovide copies of all delinquent personal federal tax returns that were filed by Charles Wallace and/or Dich Trieu after they became government cooperating witnesses." Defendants' Discovery Letter at ¶36. Discovery provided by the government revealed that Mr. Trieu and Mr. Wallace signed proffer letter agreements with the government in connection with this case on August 7, 2001 and October 1, 2001, respectively.

{K0308670.1}                                           2

The government's affidavit in support of its application for a search warrant dated June 25, 2001, stated that Dich Trieu "has not filed Individual Tax returns, Form 1040, for the years 1998, 1999 & 2000." See Government's Affidavit at ¶24. In addition, the affidavit stated that Charles Wallace was convicted of income tax evasion in 1988 and that "IRS records reveal that he has not filed a tax return since 1991." Id. at page 18, ¶v., and page 19, ¶w.

The government orally responded to the defendants' discovery letter and stated that it was not in possession of the requested tax returns and could not obtain them from the IRS, but would have produced delinquent tax returns filed by Mr. Wallace and Mr. Trieu to the defense if they had them. Counsel for the government also stated that he would neither oppose nor assent to the defendants' motion for an Order authorizing issuance of pretrial subpoenas pursuant to Fed. R. Crim. P. 17(c). Mr. McElroy and Ms. King submit that they have exhausted all reasonable means in attempting to procure the requested tax returns and have no alternative but to seek an Order from the Court.

## ARGUMENT

**I. THE REQUEST FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS DUCES TECUM TO DICH TRIEU AND CHARLES WALLACE FOR COPIES OF DELINQUENT PERSONAL FEDERAL TAX RETURNS SHOULD BE GRANTED BECAUSE THE REQUEST SATISFIES THE REQUIREMENTS FOR PRODUCTION PURSUANT TO FED. R. CRIM. P. 17(c)**

Federal Rule of Criminal Procedure 17(c) governs the issuance of a subpoena *duces tecum* in federal criminal proceedings. Rule 17(c) provides that the court may authorize a subpoena for the production of documents prior to trial. A party seeking pretrial production of documents pursuant to Rule 17(c) must satisfy four requirements in order to obtain a subpoena *duces tecum*. First, the documents or objects sought must be relevant and admissible. United States v. Nixon, 418 U.S. 683, 699 (1974). Second, the documents must not otherwise be

procurable reasonably in advance of trial by the exercise of due diligence. Id. Third, the party must not be able to properly prepare for trial without the production and inspection of the documents in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial. Id. Fourth, the application must be made in good faith and must not be intended as a general "fishing expedition." Id. As the Court observed in Nixon, these criteria result in three required showings: "(1) relevancy; (2) admissibility; and (3) specificity." Id. at 700.

The request of Mr. McElroy and Ms. King for production of copies of delinquent personal federal tax returns of Charles Wallace and Dich Trieu meets these criteria. Discovery provided by the government indicates that Dich Trieu did not file his individual tax returns for the years 1998, 1999, and 2000, and that following his conviction for tax evasion in 1988, Charles Wallace did not file his tax returns for the years 1991 through 2000. Evidence that Charles Wallace and Dich Trieu filed their delinquent tax returns *after* they became cooperating government witnesses in 2001 is clearly relevant and essential for the defense in exposing the witnesses' lack of credibility, motive to testify against Mr. McElroy and Ms. King, and their bias in favor of the government. This evidence supports the argument that Mr. Wallace and Mr. Trieu filed their delinquent tax returns as a direct consequence of their cooperation with the government. This evidence would also suggest that Mr. Wallace and Mr. Trieu were induced into cooperating with the government in exchange for some promise of leniency for failing to file their individual tax returns. In fact, when Charles Wallace was confronted by government agents on June 26, 2001, the date that the search warrant in this case was executed, FBI Special Agent Nancy McCormick told Mr. Wallace that they were "offering him an opportunity to cooperate in the investigation", that she was aware of his previous conviction for tax evasion, and that "he

**EXHIBIT**

D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
UNITED STATES OF AMERICA )
)
v. )
) Crim. No. 04-10019-RGS
DANIEL W. McELROY, )
AIMEE J. KING McELROY, and )
XIEU VAN SON, )
)
defendants. )
_____)

## UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO FED. R. CIV. P. 17(C) TO DICH TRIEU AND CHARLES WALLACE FOR PRETRIAL PRODUCTION OF COPIES OF DELINQUENT PERSONAL FEDERAL TAX RETURNS

The United States, by its undersigned counsel, responds to Defendants' Motion for Order

Authorizing the Issuance of Subpoenas Duces Tecum Pursuant to Fed. R. Civ. P. 17(c) to Dich

Trieu and Charles Wallace for Pretrial Production of Copies of Delinquent Personal Federal Tax

Returns ("17(c) Motion") and its supporting memorandum ("Def. Mem.").

As defendants note, the United States is not in a position to oppose defendants' motion in

that it appears reasonably calculated to obtain evidence that, at least potentially, might be useful

in cross-examining likely prosecution witnesses. There are, however, several considerations that

should shape the terms under which the Court may allow defendants' 17(c) Motion.

Defendants' motion is aimed at obtaining tax returns that may have been filed by two

likely trial witnesses, Charles Wallace and Dich Trieu. Those tax returns may conceivably be

pertinent to the subject matter of the witnesses' testimony. For instance, the witnesses' tax

returns may reflect their receipt of money from the defendants' businesses during the period

1



EXHIBIT
F

# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

v.                                  CRIMINAL NO. 2005-10019-RGS

DANIEL W. McELROY,
AIMEE J. KING McELROY,
XIEU VAN SON,
          Defendants.

## ORDER ON MOTION #51
## AND PROTECTIVE ORDER

COLLINGS, U.S.M.J.

It is ORDERED that Motion #51 be, and the same hereby is, ALLOWED.
Counsel for the defendants Daniel W. McElroy and Aimee J. King McElroy are
ORDERED to provide copies of any documents they receive pursuant to the
subpoenas ("the documents") to the Assistant U.S. Attorney prosecuting this
case within three (3) business days of receipt.   Further, counsel for the
defendants Daniel W. McElroy and Aimee J. King McElroy and the Assistant U.S.
Attorney are ORDERED to keep the documents CONFIDENTIAL; neither the
documents not their contents shall be disclosed to any other person (including