UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-10019-RGS |
| ) | |
| DANIEL W. McELROY and ) | |
| AIMEE J. KING McELROY, ) | |
| ) | |
| defendants. ) | |

### UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING GOVERNMENT'S OPENING STATEMENT

The United States, by its undersigned counsel, opposes the Motion in Limine of Defendants Daniel W. McElroy and Aimee J. King McElroy Regarding the Government's Opening Statement. Dkt. # 113.

Defendants ask this Court to instruct the government not to mention the amount of the alleged tax or insurance loss "until the [C]ourt rules on the admissibility of the so-called government's expert testimony." As an initial matter, the defendants have not filed a motion in limine seeking to exclude testimony regarding the tax and insurance loss. The defendants have known about the massive losses at issue for years. Yet they waited until the 11th hour – while, as defense counsel was well aware, the government was finalizing its opening statement – to file their one paragraph motion.[1]  Even if the defendants had filed an appropriate motion, however, it is well settled that evidence of loss is relevant and admissible in fraud cases like this one and the government should be permitted to discuss that evidence in its opening statement.

As the evidence at trial will show, over the course of the conspiracy, the defendants' temporary employment agency paid more than $40 million in cash to their employees. The

---

[1] At the Pre-Trial Conference on January 17, defense counsel suggested that they might object to testimony regarding the tax and insurance loss but, despite the Court's invitation to do so, filed nothing. They then filed the instant motion regarding opening statements at 4 pm on Friday, January 25 – the last business day before the government delivers its opening statement.

defendants' failure to pay the required taxes on that cash payroll resulted in more than $10 million in tax loss. By under-reporting their payroll to the workers' compensation insurers, defendants saved at least $6.7 million in insurance premiums.[2] While loss is not an element of either the substantive tax charges or the charged conspiracy, the amount of loss – and thus the amount the defendants saved by engaging in their scheme to defraud the United States and their workers' compensation insurers – is directly relevant to the defendants' knowledge of the scheme and their intent and motivation to engage in it. *See, e.g., United States v. Munoz-Franco*, 487 F.3d 25, 62 (1st Cir. 2007) (even where loss is not an element of the charged offense, "courts have repeatedly held that loss is relevant in fraud cases to demonstrate a defendant's knowledge or intent to commit fraud"); *United States v. Heimann*, 705 F.2d 662, 669 (2nd Cir. 1983) (evidence of loss relevant and admissible in mail fraud prosecution). There is no basis for excluding the testimony of loss and the government should be permitted to discuss the amount of loss in its opening.

---

[2] So as to avoid confusing and inflaming the jury, the loss figures that will be presented at trial are conservative and do not include much of the loss that is attributable to the defendants' conduct. If the defendants are sentenced, the government will present additional loss evidence.

Accordingly, defendants' motion should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: January 27, 2008

By: */s/ Sarah E. Walters*
JONATHAN F. MITCHELL
SARAH E. WALTERS
Assistant U.S. Attorneys
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Dated: January 27, 2008

*/s/ Sarah E. Walters*
SARAH E. WALTERS