UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>DANIEL W. McELROY and  )<br>AIMEE J. KING McELROY  )<br>)<br>Defendants.  ) | Crim. No. 05-10019-RGS |

UNITED STATES' MOTION IN LIMINE TO EXCLUDE
TESTIMONY OF CASE AGENTS DURING DEFENDANTS' CASE-IN-CHIEF

The United States, by its undersigned counsel, moves in limine to exclude further testimony of Special Agent Nancy McCormick of the Federal Bureau of Investigation and testimony of Special Agent Thomas Demeo of the Internal Revenue Service during the defendants' case-in-chief.

This afternoon, defense counsel advised that they intend to re-call Special Agent McCormick and call, for the first time, Special Agent Demeo to testify as part of the defendants' case-in-chief. Defense counsel declined to explain what they expect either agent to testify about. As the Court is well aware, Special Agent Nancy McCormick already testified as part of the government's case and the defendants had a full opportunity to cross-examine her at that time.[1] The government cannot imagine what either agent could testify to that would be of any relevance whatsoever to this case.

The government can only speculate that the defendants intend to ask the agents about any investigative work regarding Commonwealth Temporary Services and/or Charles Wallace's current business dealings with Advanced Temporary Services. Today, the Court excluded testimony regarding those temporary employment agencies as irrelevant.

---

[1] Pursuant to this Court's practice, and as the Court explained to the parties at the Pre-Trial Conference of this matter, the defendants' cross-examination of Special Agent McCormick was not limited to the scope of the direct examination.

To the extent that defense counsel seeks to inquire about previous inconsistent statements made by government witnesses (as memorialized in non-verbatim memoranda authored by Special Agents McCormick and Demeo), extrinsic evidence of those inconsistent statements would only be admissible under Rule 613(b) if the witness was afforded the opportunity to explain the statement and the witness denied having made the statement. In the vast majority of instances, when confronted with previous "statements" memorialized in interview memoranda, the witnesses either admitted making the statement or stated that they did not recall making the statement. Under either circumstance, extrinsic evidence is not admissible to prove up the statements.

Unless the defendants have some other admissible purpose for calling Special Agents McCormick and Demeo, their testimony should be excluded. At the very least, the government requests that the Court conduct a *voir dire* before allowing defendants to examine either agent about collateral matters.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: February 8, 2008

By: */s/ Sarah E. Walters*
JONATHAN F. MITCHELL
SARAH E. WALTERS
Assistant U.S. Attorneys
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3274

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Dated: February 8, 2008

                                                             */s/ Sarah E. Walters*
                                                            SARAH E. WALTERS